IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RANGEL FERNANDEZ,                )
                                 )
          Petitioner,            )    CIVIL ACTION NO.: CV214-133
                                 )
v.                               )
                                 )
                                 )
SUZANNE HASTINGS, Warden,        )
                                 )
          Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rangel Fernandez ("Fernandez"), who was formerly housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondent filed a Response. For the reasons which follow, Fernandez's petition should be **DENIED**.

## STATEMENT OF THE CASE

While a staff member at FCI Jesup was monitoring telephone calls one night, he monitored a telephone call Fernandez placed to a female recipient. According to Respondent, the audio recording indicated that the female recipient to whom Fernandez was talking placed another call to Fernandez's mother using another telephone, and Fernandez "engaged in an exchange of information" with his mother, using the female

---

[1] Fernandez notified the Court that he was released from FCI Jesup on November 13, 2014. (Doc. No. 9).

recipient and the unmonitored telephone in her possession. (Doc. No. 7, p. 2). Fernandez was charged by incident report the next day with a code 297 violation, the use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called. After the investigation of the incident report, the incident report was forwarded to the Unit Disciplinary Committee ("UDC") for a hearing, and the UDC referred the matter to be heard by a Disciplinary Hearing Officer ("DHO") based on the severity of the charge. The DHO recommended that Fernandez be sanctioned with disallowance of 27 days' good conduct time and the loss of telephone privileges for six (6) months. (Doc. No. 7, pp. 2–4).

In this petition, Fernandez asserts that his due process rights were violated when the DHO found him guilty of the charged offense, even though the DHO admitted that Fernandez did not make a third party or three-way call. Respondent alleges that Fernandez's petition is without merit, as Fernandez received all of the proper due process protections during his disciplinary proceedings.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth

the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985)). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith, 432 F. App'x at 845. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted). In addition, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Fernandez was charged by incident report dated February 13, 2013, with use of the telephone for abuses other than criminal, a code 297 violation. (Doc. No. 7-1, p. 69). Fernandez received a copy of this incident report on February 14, 2013. (Id.). The UDC conducted a hearing on February 21, 2013, at which Fernandez was present and gave a statement. The UDC referred the matter to a DHO for a hearing based on the severity of the charge. (Id.). On February 21, 2013, Fernandez was advised of his

3

AO 72A
(Rev. 8/82)

rights for the disciplinary hearing, including his right to have a staff member represent him during this hearing and to call witnesses and present documentary evidence. (Id. at p. 72). Fernandez indicated that he did not wish to have a staff representative or to have witnesses. (Id. at p. 74).

Fernandez's disciplinary hearing was conducted on March 5, 2013. DHO Scott Schleder found that Fernandez was guilty of the code 297 offense as charged based on the evidence before him. In so doing, DHO Schleder relied on the statements of the reporting staff member and Fernandez's statements given during the hearing. (Id. at pp. 76-78). A copy of DHO Schleder's findings was delivered to Fernandez on May 7, 2013. (Id. at p. 79).

Fernandez's disciplinary hearing was conducted on March 5, 2013, and he was notified of the charge against him on February 14, 2013, which was more than 24 hours prior to the hearing. Thus, the first Wolff factor was met. The second Wolff factor was met on February 21, 2013, when Fernandez was made aware of his right to call witnesses and to present documentary evidence. The third Wolff factor was met when Fernandez received written notice of DHO Schleder's decision on May 7, 2013. In addition, a review of DHO Schleder's findings reveals that there is "some evidence" to support his finding that Fernandez committed the code 297 violation. DHO Schleder made his findings based on Fernandez's statements during the hearing, as well as the the statements of the reporting officer. Accordingly, Fernandez received all of the due process protections afforded him during the disciplinary proceedings, and his contentions to the contrary are without merit.

AO 72A
(Rev. 8/82)

The undersigned notes Fernandez's assertion that he did not make a third party or three-way call as charged. (Doc. No. 1, p. 6). However, Fernandez was not charged with making a third party or three-way call. Rather, Fernandez was charged with a code 297 violation, which is the "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." (Doc. No. 7-1, pp. 60, 76–78).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Fernandez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)